UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re: James A. Boutin,	Case No. 15-30128
	Chapter 7

                Debtor.

Darren C. Ladouceur and Karen Ladouceur,

                Plaintiffs,	Adv. Proc. No. 15-50004
     v.

James A. Boutin,

               Defendant.

Appearances:

Neil Smith, Esq.	*Attorney for Plaintiffs*
Mackenzie Hughes LLP
101 South Salina Street, Suite 600
Syracuse, NY 13202

James A. Boutin	*Pro Se Defendant*
107 Millen Drive
Norther Syracuse, NY 13212

**Memorandum-Decision and Order Granting Summary Judgment**

Before the court is an unopposed motion for summary judgment ("Motion") brought by Plaintiffs Darren C. Ladouceur ("Plaintiff") and Karen Ladouceur (collectively "Plaintiffs") on their complaint against James A. Boutin ("Debtor"). The complaint seeks a determination that a debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(6)[1] for willful and malicious injury. Plaintiffs specifically claim that Debtor intentionally assaulted and battered Plaintiff causing

---

[1] Unless otherwise stated, all sectional references are to Title 11 of the United States Code ("Bankruptcy Code").

Plaintiffs injury. Debtor answered the complaint but failed to respond to the Motion which was duly served. For the reasons set forth below, Plaintiffs' Motion is granted.

*Jurisdiction*

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(I).[2]

*Background Facts*[3]

Based upon Debtor's failure to respond to Plaintiffs' Motion, the court treats Plaintiffs' statement of material facts as undisputed pursuant to Fed. R. Civ. P. 56(e).[4]

After a jury trial and appeal, Debtor was convicted in New York Criminal Court for his actions against Plaintiff of assault in the third degree under New York Penal Law § 120 and reckless endangerment in the second degree under New York Penal Law § 120.20. (Stmt., ¶ 2; Ex. A to Complaint). Debtor was sentenced to one year in jail. (Stmt., ¶ 3; Ex. A to Complaint).

Plaintiffs subsequently commenced a personal injury action against Debtor in New York Supreme Court, which was bifurcated for trial on liability and damages. (Stmt., ¶¶ 4-5; Ex. B to Complaint). The jury unanimously found that Debtor intentionally struck Plaintiff and that said contact was offensive. (Stmt., ¶ 5; Ex. C to Smith Aff.). On the day that damages were to be determined, Debtor filed this chapter 7 bankruptcy proceeding. (Stmt., ¶ 6).

---

[2] This memorandum-decision and order incorporates the court's findings of fact and conclusions of law as permitted by Fed. R. Bankr. P. 7052.
[3] The record consists of Plaintiffs' complaint and Exs. A-C (Doc. 1) ("Complaint"); Defendant's answer (Doc. 10); Aff. of Plaintiffs' counsel, Neil J. Smith, Esq., sworn to on March 2, 2016, in support of Plaintiffs' Motion and Exs. A-F (Docs. 16 through 16-6) ("Smith Aff."); Plaintiffs' statement of material facts (Doc. 16-7) ("Stmt.") and Plaintiffs' memorandum of law in support of Plaintiffs' Motion (Doc. 16-8).
[4] Local Bankruptcy Rule 7056-1(c) tracks Federal Rule 56 and similarly provides that the "[c]ourt may deem admitted each material fact set forth in the statement" if not controverted by Debtor.

*Summary Judgment Standard*

Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056, states that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). The moving party must support its assertion by citing to particular materials in the record which may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations..., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Further, an affidavit in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56 (c) (4). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

On summary judgment, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citing *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)). "[F]ailure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the [trial] court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 342, 244 (2d Cir. 2004). The court must also consider the burden of proof the moving party would face at trial. *Celotex Corp.*, 477 U.S. at 322-23. As the Supreme Court of

the United States has held, the burden of proof in a § 523 nondischargeability action is by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

### *Discussion*

#### *a. 11 U.S.C. § 523(a)(6)*

Section 523(a)(6) provides in relevant part that a discharge under § 727 does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity."[5] Willful and malicious are separate elements, both of which must be satisfied. *In re Krautheimer*, 241 B.R. 330, 340 (Bankr. S.D.N.Y. 1999).

Willful means that the cause of injury itself was intentional as opposed to an intentional act that leads to injury. *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006). As the United States Supreme Court has stated "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998). Since *Geiger*, courts in the Second Circuit have held that "[a]n intentional wrongful act that necessarily causes injury meets the willfulness standard under *Geiger*." *In re Gross*, 288 B.R. 655, 662 (Bankr. E.D.N.Y. 2003) (citing 4 Collier on Bankruptcy ¶ 523.13[1], at 523–92 (Lawrence P. King, et al. eds., 15th ed. 2001). Malicious means "wrongful and without just cause or excuse," which may be implied from "the acts and conduct of the debtor in the context of [the] surrounding circumstances." *Id.* (internal citations omitted).

#### *b. Issue Preclusion*

Plaintiffs seek to invoke the doctrine of collateral estoppel or "issue preclusion" to avoid re-litigating the same issues dealt with in the underlying state court actions that apply to this

---

[5] The term "entity" is defined by § 101(15) to include a person.

4

adversary proceeding.[6] Issue preclusion may be invoked to preclude the re-litigation of the elements necessary to meet § 523(a)(6). *See Grogan v. Garner*, 498 U.S. 279, 284 (1991). "The preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred—here, New York." *In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Under New York law, the party seeking to invoke issue preclusion bears the burden of establishing that the issues are identical and "the necessity of their having been decided," while the opposing party bears the burden of establishing the absence of a "full and fair opportunity to litigate the issue in the prior action." *In re Sokol*, 113 F.3d at 306.

### c. The Court's Findings

For the following reasons, the court finds (i) that Plaintiffs have established that the issues litigated in state court are the same as would have to be proven for purposes of § 523(a)(6), (ii) the necessity of those issues having been decided, (iii) that all the elements of § 523(a)(6) have already been satisfied and (iv) that Defendant had a full and fair opportunity to defend himself.

The identical nature of the issues and their need for having been decided have been established by means of the very penal law sections Debtor was criminally convicted of in conjunction with the jury's verdict sheet in the underlying civil suit. First, Debtor caused Plaintiff injury as evidenced by his conviction, beyond a reasonable doubt, of assault in the third degree. A person is guilty of assault in the third degree when he causes physical injury[7] to another...." N.Y. Penal Law § 120 (McKinney). Second, Debtor's conduct was malicious as evidenced by his conviction, beyond a reasonable doubt, of reckless endangerment in the second degree. A person is guilty of reckless endangerment in the second degree when he "recklessly engages in conduct

---

[6] The United States Supreme Court has adopted the term "issue preclusion" to refer to the doctrine of collateral estoppel. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).
[7] Physical injury is defined by the New York Penal Law as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10(9) (McKinney).

5

which creates a substantial risk of serious physical injury[8] to another person." N.Y. Penal Law § 120.20 (McKinney). Finally, Debtor's conduct was willful because a jury unanimously found, by a preponderance of the evidence, that Debtor struck the Plaintiff intentionally.[9] Thus, all the elements of § 525(a)(6) have already been established by means of the underlying state court proceedings.

The court also finds that Debtor had a full and fair opportunity to defend himself in both underlying state court actions. Debtor was represented in both proceedings,[10] was afforded his sixth amendment rights and was incentivized to defend himself when his very freedom was at stake. Therefore, issue preclusion applies to Plaintiffs' nondischargeability claim in which all the necessary elements of § 523(a)(6) have been established by a preponderance of the evidence.

*Conclusion*

A separate judgment shall issue in accordance with Fed. R. Civ. P. 58 declaring the debt owed by Debtor to the Plaintiffs nondischargeable pursuant to 11 U.S.C. §525(a)(6), with the amount of the debt to be subsequently determined in the pending state court action.

So Ordered.

August 11, 2016
Syracuse, New York

Margaret Cangilos-Ruiz,
U.S. Bankruptcy Judge

---

[8] Serious physical injury is defined by the New York Penal Law as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ. N.Y. Penal Law § 10(10) (McKinney).
[9] The civil jury also unanimously found that Debtor's conduct was offensive which goes to the maliciousness of Debtor's offense.
[10] Debtor was represented by Attorney Bradley J. O'Malley in the underlying criminal action and by Attorney Michael S. McDermott in the underlying civil action. (Exs. D and B to Smith Aff., respectively).